STATE OF MAINE                          SUPERIOR COURT
LINCOLN, SS.                            Civil Action
                                        Docket No. CV-2018-27


JEFFREY NORTON            )
                         )
                         )
                         )
                         )
        v.               )              **JUDGMENT**
                         )
                         )
SAMANTHA NORTON,          )
            Defendant.    )


This matter came before the court for a three-day bench trial that was conducted August 11 through 13, 2020. The factual findings in this judgment are based on the evidence admitted at trial.

## Count I – Defamation

The Plaintiff claims he has been defamed by the Defendant as a result of her claims that he sexually assaulted her on more than one occasion. The parties are in agreement as to the elements that the Plaintiff must prove to be successful with this count. In Lester v. Powers, 596 A.2d 65, 69 (Me. 1991), the Law Court adopted §558 Restatement (Second) of Torts and detailed the elements of a defamation action as: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

The court finds that the Plaintiff has proven that the Defendant's accusations against him are false and defamatory. Though some of the Defendant's allegations against the Defendant may appear believable if considered in isolation, the allegations

1

are unbelievable when considered in the context of the fact that the Defendant has made similar allegations against at least six other individuals and that she alleges that she has been repeatedly sexually assaulted in extreme and, in some cases, unusual ways involving multiple individuals. The court finds credible both the Plaintiff's denials and the testimony of individuals the Defendant claims was involved in some of the alleged events that nothing like that ever occurred.

The evidence presented at trial also establishes that the Defendant made an unprivileged publication to a third party – Dustin Delano – repeating allegations she had made against the Plaintiff previously in privileged settings. The court also finds that the Defendant, though she likely believed the statements she was making, was negligent in repeating her allegations knowing by that time of the Plaintiff's repeated denials and the fact that law enforcement had taken no action against him despite her reports.

The Defendant also made unprivileged publications to her family members with a direction to keep the information private. The court finds that the Defendant was not negligent in making these communications because she believed at the time that the publications were necessary to explain her actions and to ensure that her family members helped keep her and her children safe. Unlike the statements made later to Mr. Delano, the Defendant did not fail to use reasonable care in making these statements.

Having established the first three elements of defamation, we now turn to damages. There can be no serious argument that the allegations made by the Defendant against the Plaintiff fit within the Restatement (Second) of Torts definition of categories of allegations upon which damages may be presumed. In addition, the court also heard credible testimony from the Plaintiff about how the allegations effected his life. The

2

Plaintiff testified to his mental anguish as a result of these allegations, however, it was also clear to the court that this anguish was also related to the period of estrangement from his son. There was no evidence presented that the Plaintiff sought counseling as a result of the allegations, or lost any income or incurred any expenses as a result of the allegations.

The most difficult issue in assessing a proper measure of damages is that most of the publications to third parties made by the Defendant were privileged or were made without negligence. The Defendant repeated her allegations in court proceedings; to law enforcement; to counselors[1]; to clergy; to employees of the Department of Health and Human Services; and to her husband. All of these publications were privileged.

The Plaintiff testified credibly that he disclosed the allegations to members of the community and organizations that he was involved with to get ahead of the allegations and to ensure that people heard his denials along with the allegations. He also withdrew from several volunteer positions to ensure that the allegations did not cause damage to the organizations. All of these actions by the Plaintiff were reasonable and would be considered forced publication and an element of the Plaintiff's defamation claim if the Plaintiff had taken these actions as a result of unprivileged publications by the Defendant. However, the evidence establishes that the Defendant took these actions as a result of the privileged publications by the Plaintiff.

The damages alleged by the Plaintiff are a result of the privileged publications of the Defendant; by publication made without negligence; and/or repetition by the Plaintiff or third parties of the privileged publications by the Defendant. The unprivileged publication by the Defendant came after the allegations against the

---

[1] The fact that one of the pastors who provided counseling required another adult to be present whenever he counseled a female does not vitiate the privilege.

3

Plaintiff were well known in the community. However, because the Plaintiff has proven an unprivileged publication of a kind where damage is presumed, the court enters judgment against the Defendant in the amount of $1000.00, plus costs and interest as allowed by law.

### Count II – Intentional Infliction of Emotional Distress

The Plaintiff has failed to prove the elements of this tort. Judgment on Count II is therefore entered for the Defendant.

### Counterclaim Count I – Assault and Battery

For the reasons stated above, judgment is entered for Counterclaim Defendant on this count.

### Counterclaim Count II – Intentional Infliction of Emotional Distress

For the reasons stated above, judgment is entered for Counterclaim Defendant on this count.

Any motions not previously addressed by the court are now MOOT.

The clerk is directed to incorporate this Judgment by reference in the docket in accordance with M.R. Civ. P. 79(a).

Dated: December 11, 2020

Daniel I. Billings, Justice
Maine Superior Court

Entered on the Docket: 12/14/2020

4